UNITED STATES DISTRICT COURT          EASTERN DISTRICT OF TEXAS

GERALD DWYER,                          §
                                       §
            Plaintiff,                  §
                                       §
*versus*                               §    CIVIL ACTION NO. 1:19-CV-623
                                       §
SPLIETHOFF'S                           §
BEVRACHTINGSKANTOOR B.V.,              §
REDERIJ SUOMIGRACHT,                   §
SPLIETHOFF HOUSTON TX, INC.,           §
and STEF ALDERING,                     §
                                       §
            Defendants.                 §

## MEMORANDUM AND ORDER

Pending before the court are the parties' briefs regarding the right to a jury trial, wherein

Defendants Spliethoff's Bevrachtingskantoor B.V. ("B.V."), Rederij Suomigracht

("Suomigracht"), Spliethoff Houston TX, Inc. ("SHT"), and Stef Alderding ("Alderding")

(collectively, "Defendants") contend that Plaintiff Gerald Dwyer ("Dwyer") has no right to a jury

trial because he invoked the court's admiralty jurisdiction.  Dwyer maintains that he preserved his

right to a jury trial through the saving-to-suitors clause, when he initially filed in state court.

Having considered the submissions of the parties and the applicable law, the court is of the opinion

that this case falls solely within this court's admiralty jurisdiction; thus, a bench trial is warranted.

I.    Background

On December 11, 2019, Defendants B.V., Suomigracht, and Alderding removed this case

on the basis of diversity of citizenship and alleged, in the alternative, that "a federal question

exists under general maritime law."  At the time of removal, complete diversity of citizenship

existed.  On February 17, 2020, Dwyer filed a Third Amended Complaint (#12), adding SHT as a non-diverse defendant.  On March 13, 2020, Dwyer filed a Motion to Remand (#23), asserting that the federal court lacked subject matter jurisdiction because the joinder of SHT, a non-diverse party, destroyed complete diversity of citizenship.  The court's Order (#51) denied Dwyer's Motion to Remand, concluding that although Dwyer destroyed diversity jurisdiction by joining a non-diverse defendant, he failed to seek remand in a timely manner because Defendants alternatively, albeit erroneously, removed on the basis of admiralty jurisdiction, thereby waiving any procedural defect in Defendants' removal process.  Subsequently, the court retained the case under its admiralty jurisdiction pursuant to 28 U.S.C. § 1333 because the case could have been originally filed in federal court.  In their briefing, the parties address whether Dwyer has a right to a jury trial now that admiralty jurisdiction is the sole basis of the court's subject matter jurisdiction.

II.     Analysis

The Constitution of the United States provides that the judicial power of the federal courts "shall extend . . . to all Cases of admiralty and maritime Jurisdiction."  U.S. CONST. art. III, § 2, cl. 1; *Luera v. M/V Alberta*, 635 F.3d 181, 187-88 (5th Cir. 2011).  "Congress implemented this constitutional grant through 28 U.S.C. § 1333(1), which provides that the district courts have original jurisdiction over '[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.'"  *Luera*, 635 F.3d at 187-88; *accord Mims v. Deepwater Corrosion Servs., Inc.*, 90 F. Supp. 3d 679, 685 (S.D. Tex. 2015).  "This statutory grant gives federal courts jurisdiction over all admiralty and maritime

cases, regardless of the citizenship of the parties or the amount in controversy." *Luera*, 635 F.3d at 188.

"Under the 'saving to suitors' clause in § 1333, a plaintiff whose claim does not fall within the exclusive admiralty jurisdiction of the federal courts may bring [his] claim 'at law' in state court." *Id.*; *accord Riverside Const. Co. v. Entergy Miss., Inc.*, 626 F. App'x 443, 446 (5th Cir. 2015). "The saving to suitors clause also allows a plaintiff to bring [his] claim 'at law' under the federal court's diversity jurisdiction, provided the requirements for diversity and amount in controversy are met." *Luera*, 635 F.3d at 188; *Atl. & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.*, 369 U.S. 355, 359-60 (1962).

> Traditionally a plaintiff had three possible options for bringing an admiralty or maritime claim:  he could bring his suit in admiralty jurisdiction in federal court under the grant of original and exclusive subject matter jurisdiction under § 1333, typically with no right to trial by jury; he could bring a diversity of citizenship claim in a federal district court, with the right to a jury if one party demands it, and he could limit that jurisdiction with a binding forum-selection clause; or he could assert his claim at law (at common law), grounded in tort or contract, under the saving to suitors clause in a state court.

*Mims*, 90 F. Supp. 3d at 686; *see* 14A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3672 (4th ed. 2020) (a plaintiff with a claim cognizable in admiralty and at law has three choices of jurisdiction:  admiralty jurisdiction in federal court, diversity jurisdiction in federal court, or in state court).

"'Numerous and important consequences' flow from a plaintiff's decision to file [his] claim under the federal court's admiralty jurisdiction or its diversity jurisdiction." *Luera*, 635 F.3d at 188 (quoting *T.N.T. Marine Serv., v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 586 (5th Cir. 1983)). "One of the most important consequences relates to the rules of procedure that will be applied to the case." *Luera*, 635 F.3d at 188; *see Langlois v. Kirby Inland Marine, LP*,

139 F. Supp. 3d 804, 807 (M.D. La. 2015) ("What is 'saved' to the suitor in § 1333 is not only the right to bring a maritime case in a non-maritime court (state court or federal court at law, assuming an alternative basis for federal jurisdiction), but the right of the litigants to take advantage of the procedural differences between a federal court 'in admiralty' and that of the non-maritime court."). "If a claim is pleaded under diversity jurisdiction, the rules of civil procedure will apply, and the parties will be guaranteed, under the Seventh Amendment, a right to have the claim tried by a jury." *Luera*, 635 F.3d at 188; *accord Abadie v. Madere & Sons Marine Servs., LLC*, No. CV 17-6705, 2017 WL 5257052, at *3 (E.D. La. Nov. 13, 2017). "If the claim is pleaded under admiralty jurisdiction, however, the plaintiff will invoke 'those historical procedures traditionally attached to actions in admiralty.'" *Luera*, 635 F.3d at 188 (quoting *Durden v. Exxon Corp.*, 803 F.2d 845, 849 n.10 (5th Cir. 1986)); *accord Abadie*, 2017 WL 5257052, at *3. "One of the historical procedures unique to admiralty is that a suit in admiralty does not carry with it the right to a jury trial." *Luera*, 635 F.3d at 188; *Becker v. Tidewater, Inc.*, 405 F.3d 257, 259 (5th Cir. 2005); *Abadie*, 2017 WL 5257052, at *3.

Invoking the admiralty jurisdiction of a federal district court requires specific procedures. *Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1547 (5th Cir. 1991). The specific procedures are imposed by Rule 9(h) of the Federal Rules of Civil Procedure Rule, entitled Admiralty or Maritime Claim, which states:

> (1) How Designated. If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e),[1] and 82 and the Supplemental Rules for Admiralty

---

[1] Rule 38(e) of the Federal Rules of Civil Procedure states: "These rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)."

or Maritime Claims and Asset Forfeiture Actions.  A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

FED. R. CIV. P. 9(h)(1).  Rule 9(h) "requires that in order to invoke a federal court's admiralty jurisdiction *where there exists an additional ground for federal jurisdiction*, the plaintiff must identify the claim as one in admiralty to make it plain that he wishes to invoke that jurisdictional basis rather than some other." *Baris*, 932 F.2d at 1547.

Where no alternative basis for jurisdiction exists, however, if a plaintiff "waive[s] any objection to removal," he is "deemed to have invoked the district court's admiralty jurisdiction" because "there is no alternative basis of original federal jurisdiction (such as diversity)." *Id*. The requirement of an "independent jurisdictional basis for removal operates to preserve the right to a jury trial in what would otherwise be an admiralty claim entitled only to a bench trial." *Figueroa v. Marine Inspection Servs.*, 28 F. Supp. 3d 677, 682 (S.D. Tex. 2014) (citing *Luera*, 635 F.3d at 193-96).  In *Baris*, the United States Court of Appeals for the Fifth Circuit held:

> It is certainly true that the plaintiffs had the option, which they exercised, to file in state court.  It is no different from the option of many plaintiffs, in and out of the admiralty/maritime context, to select a forum.  But that selection, as always, is subject to any right of a defendant to remove and to the possibility that the plaintiff may waive his right to the forum of his choice.  And any such waiver carries with it the waiver of any rights or procedures peculiar to state court, such as, *inter alia*, the right to a jury or to special time limits or discovery procedures under state law and state procedural rules.

932 F.2d at 1548; *Manrique v. Fagan*, No. 08-60501-CIV, 2009 WL 700999, at *2-3 (S.D. Fla. Mar. 16, 2009) ("If a plaintiff fails to remand within 30 days of removal, then the plaintiff is deemed to have waived its objection to improper removal and submitted to the court's federal admiralty jurisdiction, along with all the rules and procedures that jurisdiction entails.").

Here, Dwyer filed an Original Petition in state court invoking the saving-to-suitors clause; however, he waived his right to the choice of forum and corresponding procedures when he failed to object to Defendants' removal based on admiralty jurisdiction and subsequently destroyed the court's diversity jurisdiction by adding a non-diverse defendant.  Absent an alternative basis of subject matter jurisdiction, admiralty jurisdiction governs this action, and pursuant to Rule 38(e) of the Federal Rules of Civil Procedure, "the rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)."  Therefore, admiralty jurisdiction, which is the sole basis for the court's subject matter jurisdiction, forecloses Dwyer's right to a jury trial.

III.   Conclusion

Consistent with the foregoing analysis, Dwyer's request for a jury trial is DENIED.

SIGNED at Beaumont, Texas, this 8th day of September, 2020.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE